UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TANIA L.,[1]

      **Plaintiff,**

v.

MARTIN J. O'MALLEY,
**Commissioner of Social Security**,

      **Defendant.**

Case No. 1:21-cv-19358
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Tania L. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying those applications.[2] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court the Court reverses the Commissioner's decision and remands the matter for further proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Martin J. O'Malley, the current Commissioner of Social Security, is substituted as Defendant in his official capacity. *See* Fed. R. Civ. P. 25(d).

1

I.     PROCEDURAL HISTORY

Plaintiff filed her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI")[3] on May 7, 2015, and June 26, 2017, respectively, alleging that she has been disabled since June 22, 2012.[4] R. 112, 134–35, 246–47. Plaintiff's DIB application was denied initially and upon reconsideration. R. 137–42, 146–51. Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). R. 152–55. ALJ Myriam Fernandez Rice held a hearing on August 16, 2018, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 73–93. In a decision dated August 21, 2018, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from September 18, 2014, *i.e.,* the day after the most recent denial of Plaintiff's application for benefits, through the date of that decision. R. 49–66. That decision became final when the Appeals Council declined review on September 24, 2021. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On May 11, 2023, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil

---

[3] A copy of Plaintiff's SSI application does not appear in the record, but the parties do not dispute that Plaintiff filed such an application or that the ALJ considered such a claim. *See Plaintiff's Moving Brief*, ECF No. 11, p. 4 n.1 ("Plaintiff's later filed SSI application was accelerated to the hearing level and not subject to denials at the lower levels of the Commissioner's judicative process. This is neither uncommon nor improper and is not an issue in this case."); R. 75 (reflecting ALJ's acknowledgment at the administrative hearing of Plaintiff's claims under Title II and Title XVI of the Social Security Act).

[4] Plaintiff previously filed applications for disability benefits in March of 2013 and May of 2014. R. 49. The ALJ in this case explained that she "decline[d] to reopen the prior determinations and they are considered final and binding. . . . Since the prior determinations are final and binding, the issue of disability will be considered beginning September 18, 2014, the day after the most recent prior determinations." *Id*.

Procedure. ECF No. 17.[5] On May 16, 2023, the case was reassigned to the undersigned. ECF No. 18. The matter is ripe for disposition.

## II.     LEGAL STANDARD

### A.     Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different

---

[5] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

3

conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210,

5

221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

      **B.**      **Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id*. at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## III.   ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 30 years old on September 18, 2014, *i.e.*, the day after the prior determination. R. 65. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between that date and the date of the decision. R. 52.

At step two, the ALJ found that Plaintiff's spine disorder and anxiety disorder were severe impairments. *Id*. The ALJ also found that the following impairments were not severe:

obesity; abdomenal pain; right ankle swelling; right wrist tendonitis; right facial cellulitis; and bronchitis. *Id*.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 52–54.

At step four, the ALJ found that Plaintiff had the RFC to perform light work subject to various additional limitations. R. 54–65. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a bookkeeper, cashier, armored car driver, and bank teller. R. 64–65.

At step five and relying on the testimony of the vocational expert, the ALJ found that a significant number of jobs–*e.g.*, jobs as an assembler, an inspector, and a bench assembler– existed in the national economy and could be performed by an individual with Plaintiff's vocational profile and RFC. R. 65–66. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from September 18, 2014, the day after the prior determination, through the date of the decision. R. 66.

Plaintiff disagrees with the ALJ's findings at step four and asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Moving Brief,* ECF No. 11. The Commissioner takes the position that his decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 16.

## IV. SUMMARY OF RELEVANT MEDICAL EVIDENCE

Nancy Simpkins, M.D., conducted an initial review of Plaintiff's medical record on behalf of the state agency on December 1, 2015, R. 94–111, and opined, *inter alia*, that Plaintiff could occasionally (*i.e.,* one-third or less of an eight-hour day) lift and/or carry 20 pounds and could frequently (*i.e.,* more than one-third up to two-thirds of an eight-hour day) lift and/or carry ten pounds. R. 106. Dr. Simpkins also opined that Plaintiff could stand and/or walk (with normal breaks) for a total of about 6 hours in an eight-hour workday and sit (with normal breaks) for a total of about 6 hours in an eight-hour workday. *Id*. She further opined that Plaintiff had the unlimited ability, "other than shown, for [sic] lift and/or carry[,]" explaining that Plaintiff was a "33 year old female with DDD [degenerative disc disease] lumbar spine with pain on heavy lifting and extended walking." *Id*. Dr. Simpkins also opined that Plaintiff could occasionally climb ramps/stairs, climb ladders/ropes/scaffolds, balance, stoop, kneel, crouch, and crawl. R. 107. Plaintiff had no manipulative, visual, communicative, or environmental limitations. *Id*. Dr. Simpkins concluded that Plaintiff was capable of light exertional work. R. 110.

Arvind Chopra, M.D., reviewed Plaintiff's medical record upon reconsideration for the state agency on July 6, 2016. R. 113–33. Dr. Chopra agreed with Dr. Simpkins that Plaintiff could occasionally lift and/or carry 20 pounds and frequently carry 10 pounds and that Plaintiff had the unlimited ability, "other than shown, for [sic] lift and/or carry" for the same reasons offered by Dr. Simpkins. R. 127. Dr. Chopra further agreed that Plaintiff could occasionally climb ramps/stairs, stoop, kneel, crouch, and crawl, and that Plaintiff had no manipulative, visual, communicative, or environmental limitations. R. 128. Dr. Chopra also opined that Plaintiff could frequently balance, but could never climb ladders/ropes/scaffolds. R. 128–29. However, and contrary to Dr. Simpkins' opinion, Dr. Chopra opined that Plaintiff could stand

and/or walk (with normal breaks) for a total of about 3 hours in an eight-hour workday and sit (with normal breaks) for a total of about 6 hours in an eight-hour workday. R. 127. According to Dr. Chopra, Plaintiff was capable of only sedentary work. R. 132.

## V. DISCUSSION

Plaintiff argues that substantial evidence does not support the ALJ's RFC determination. *Plaintiff's Moving Brief*, ECF No. 11. For the reasons that follow, this Court concludes that the ALJ's RFC determination is not supported by substantial evidence, but for reasons different than those raised by Plaintiff. *Cf. Jennings o/b/o Thomas v. Saul*, No. CV 20-1953, 2021 WL 601097, at *2-3 (E.D. Pa. Feb. 16, 2021), *reconsideration denied sub nom. Jennings o/b/o Thomas v. Saul*, No. CV 20-1953, 2021 WL 1175134 (E.D. Pa. Mar. 29, 2021) ("This unexplained mistake is a clear, reversible error that this court has addressed *sua sponte*.") (citations omitted); *McNeal v. Comm'r of Soc. Sec.*, No. CIV.A. 10-318-J, 2012 WL 1038898, at *3 (W.D. Pa. Mar. 28, 2012) ("The Court does not reach any of the issues raised by Plaintiff but finds that remand is warranted on grounds not raised by the parties.").

A claimant's RFC is the most that the claimant can do despite her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). At the administrative hearing stage, it is the ALJ who is charged with determining the claimant's RFC. 20 C.F.R. §§ 404.1527(e), 404.1546(c), 416.927(e), 416.946(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to consider all the evidence. *Plummer*, 186 F.3d 429. However, the ALJ need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014)

(stating that the ALJ has discretion to choose whether to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

In the case presently before the Court, the ALJ determined that Plaintiff had the RFC to perform a reduced range of light work, as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with no climbing of ladders, ropes or scaffolds; and occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching and crawling. The claimant needs the use of a handheld assistive device for prolonged ambulation and uneven terrain only. She must avoid even moderate exposure to moving machinery and unprotected heights. The claimant is also limited to simple, routine and repetitive tasks.

R. 54–55.

In making this determination, the ALJ considered, *inter alia*, the opinions of the reviewing state agency consultants, Drs. Simpkins and Chopra, and assigned them "great weight[,]" explaining as follows:

> I further note that non-examining, state agency physician Nancy Simpkins, MD opined in December of 2015 that the claimant was able to perform light work with occasional postural activities (Exhibit 1 A). Non-examining, state agency physician, *Arvind Chopra, MD opined on July 6, 2016 that the claimant was able to perform light work* with no ladders, ropes or scaffolds; frequent balancing; and occasional climbing of ramps and stairs, stooping, kneeling, crouching and crawling (Exhibit 3A). *I also give great weight to the medical opinions from Drs. Simpkins and Chopra and incorporated them into the residual functional capacity described above.* Drs. Simpkins and Chopra have Social Security disability program expertise and experience evaluating Social Security disability cases. While they lacked the opportunity to review the entire medical record including recent, hearing level, medical exhibits, their opinions are consistent with the record as a whole, specifically with the examination and observations of Dr. Cornejo.

R. 59–60 (emphasis added). However, contrary to the ALJ's characterization, Dr. Chopra did not opine that Plaintiff could perform light work. Instead, as set forth above, Dr. Chopra opined that Plaintiff could stand and/or walk for a total of 3 hours in an eight-hour workday, R. 127, and that she was capable of only sedentary work, R. 132. The ALJ therefore relied on a mischaracterization of the evidence when she stated that Dr. Chopra had opined that Plaintiff could perform light work, R. 54–55, 59–60, and she erred in crafting an RFC based on that mischaracterization.

> Moreover, the Court cannot conclude that this error is harmless. Light work involves
>
> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. . . . *[A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls*. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b). 416.967(b) (emphasis added). More specifically,

> [t]he regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing--the primary difference between sedentary and most light jobs. *A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work; e.g., mattress sewing machine operator, motor-grader operator, and road-roller operator (skilled and semiskilled jobs in these particular instances). Relatively few unskilled light jobs are performed in a seated position*. 'Frequent' means occurring from one-third to two-thirds of the time. *Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday*. Sitting may occur intermittently during the remaining time."

SSR 83-10 (emphasis added); *see also Jesurum v. Sec'y of U.S. Dep't of Health & Hum. Servs.*, 48 F.3d 114, 119 (3d Cir. 1995) ("The Secretary has further explained this definition [of light work in the DOT] in Social Security Ruling 83-10 by stating that light work generally requires

12

the ability to stand and carry weight for approximately six hours of an eight hour day."); 20 C.F.R. §§ 404.1567(a) (explaining that sedentary work involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met"), 416.967(a) (same); SSR 83-10 (explaining that "[s]ince being on one's feet is required 'occasionally' at the sedentary level of exertion, *periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday*, and sitting should generally total approximately 6 hours of an 8-hour workday") (emphasis added).

While it is therefore true that some work may be classified as light even if it permits sitting most of the day, the ALJ in this case never asked the vocational expert whether the jobs identified by the vocational expert permitted an individual to sit for five hours in an eight-hour workday. R. 87–92. There is simply no evidence that any of the light jobs identified by the vocational expert would permit standing or walking for only three hours in an eight-hour workday. *See id.*; *see also* SSR 83-10 ("Relatively few unskilled light jobs are performed in a seated position.").

Accordingly, to the extent that the ALJ's RFC determination was based on a mischaracterization of Dr. Chopra's opinion that Plaintiff could perform light work, the RFC lacks substantial support.

This Court therefore concludes that remand of the matter for further consideration of these issues[6] is appropriate.[7] Moreover, remand is appropriate even if, upon further examination of Dr. Chopra's opinion and the RFC determination, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr. Marks."); *Cassidy v. Colvin*, No. 2:13-1203, 2014 WL 2041734, at *10 n.3 (W.D. Pa. May 16, 2014) ("Nevertheless, that the ALJ may have misinterpreted or misunderstood Dr. Kaplan's findings with regard to Plaintiff's postural activities does not absolve her of her error. Rather, it highlights the need for an ALJ to fully explain her findings. Otherwise, the district court is left to engage in this sort of speculation about how an ALJ arrived at her decision.").

---

[6] In remanding for further proceedings rather than for an award of benefits, the Court is aware of the age of Plaintiff's claim. *See* R. 1–6 (denial of review by Appeals Council dated September 24, 2021), 49 (noting that Plaintiff's claims were filed on May 7, 2015, and June 26, 2017), 49–66 (ALJ's decision dated August 21, 2018). However, "[t]he decision to direct the . . . award [of] benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221. In this case, the Court cannot say at this time that Plaintiff has met that standard.

[7] Plaintiff asserts other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of Dr. Chopra's opinion and the RFC determination, the Court does not consider those claims. However, the Court notes that it would be helpful if on remand the ALJ clarified at step four why Plaintiff's morbid or extreme obesity, which she found to be non-severe at step two, R. 52, has no impact on Plaintiff's RFC. *See* R. 54–65 (reflecting no consideration of Plaintiff's obesity at step four).

## VI. CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  January 19, 2024                                  *s/Norah McCann King*
                                                                            NORAH McCANN KING
                                                                  UNITED STATES MAGISTRATE JUDGE